UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 21-mj-71379 MAG (NC) |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO SEAL AND STRIKING EMAILED EVIDENCE |
| v. | |
| HEATHER GHARIBIAN, | Re: ECF 5 |
| Defendant. | |

Presented to the Court is the prosecution's motion to file under seal its entire 58-page motion and supporting materials seeking to detain defendant Heather Gharibian. There is a compelling reason to redact and file under seal substantial parts of these filings because they would disclose the names or other information about child victims. 18 U.S.C. § 3509(d); 18 U.S.C. § 3771(a)(8) (providing crime victims the right to be treated with fairness and with respect for the victim's dignity and privacy). But the prosecution has not "narrowly tailored" its sealing request as required by Criminal Local Rule 56-1(b), so the request is DENIED.

Under N.D. California Criminal Local Rule 56-1(b), no document may be filed under seal in a criminal case except pursuant to a court order "that authorizes the sealing of

the particular document, or portions thereof." The sealing order may issue only upon a request that a document is sealable because, for example, the safety of persons or a legitimate law enforcement objective would be compromised by the public disclosure of the contents of the document. Crim. L.R. 56-1(b). The request must be "narrowly tailored to seek sealing only of sealable material" and must conform with the procedures set forth in Crim. L.R. 56-1(c). Crim. L.R. 56-1(b).

The principal policy underlying Criminal Local Rule 56-1 is that the courts of this nation recognize a general right to inspect and copy public records and documents, including judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Shrouding the mechanics of a criminal case in secrecy places the public's interest in a transparent judicial system at risk. *See Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 508 (1984) (observing that open criminal proceedings "enhance both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system"); *see also Phoenix Newspapers, Inc. v. U.S. Dist. Court*, 156 F.3d 940, 946 (9th Cir. 1998) (observing that "[o]ne of the most enduring and exceptional aspects of Anglo-American justice is an open public trial"). As a result, sealing decisions need to be made on a case-by-case basis, weighing safety, legitimate law enforcement objectives, and victim privacy and dignity, against the public's right to inspect court records.

Here, the prosecution's motion to seal requests sealing of the entire motion for detention and supporting materials. Because the motion to seal is not narrowly tailored, it is DENIED. The denial is without prejudice to a renewed, narrowly tailored sealing motion. The Court will keep LOCKED the filing at ECF 5 in order to protect victim privacy.

After filing the motion to seal on September 1, 2021, the prosecution, AUSA Samantha (Schott) Bennett, sent a separate email to my courtroom deputy (copying defense counsel and Pretrial Services) at 8:29 a.m. on September 2, 2021, attaching a declaration from an additional person. The email asks the Court to review the declaration before the detention hearing. This email and attachment were not filed in ECF, are not covered by the motion to seal, and the prosecution has not moved to seal the declaration, which discloses

information about child victims.  The Court strikes the declaration as improperly submitted. If the government hopes to present and seal this evidence it must file a motion to seal and proposed order before the detention hearing in compliance with Criminal Local Rule 56-1. Until further Court order, the prosecution is forbidden from emailing additional evidence and argument to the Court in this case.

IT IS SO ORDERED.

Date: September 2, 2021

Nathanael M. Cousins
United States Magistrate Judge