# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HEATHER GHARIBIAN,<br><br>　　　　　Defendant. | Case No. 21-cr-71379 MAG (NC)<br><br>**DETENTION ORDER**<br><br>Hearing: 9/2/2021 |

　　In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on September 2, 2021, held a detention or release hearing for defendant Heather Gharibian. Gharibian is charged in this case by criminal complaint for a felony violation of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Gharibian appeared at the hearing remotely by Zoom webinar from Santa Rita Jail, with her specially appearing counsel, Julia Jayne, also appearing remotely. Gharibian is presumed innocent of the charges. This order does not constitute evidence or a finding of the defendant's guilt. The prosecution was represented by AUSAs Samantha (Schott) Bennett on the briefs and Benjamin Kleinman at the hearing.

　　The Court considered a pre-bail report from the Pretrial Services Department. Pretrial Services recommended detention based on a risk of danger to the community. The

Court additionally considered the prosecution's memorandum and supporting evidence recommending detention. The Court considered all the information presented on behalf of crime victims. No crime victim information was excluded. As indicated at the hearing, the prosecution is granted leave to file a renewed and narrowed motion to seal that will include the declaration submitted by email earlier today.

The charge in this case creates a rebuttable presumption in favor of detention pursuant to 18 U.S.C. § 3142(e)(3).

Based on the information presented to the Court and considering all the factors required under the Bail Reform Act, the Court determines that the prosecution has shown by more than clear and convincing evidence that Gharibian presents a danger to the safety of other persons and the community, and that no combination of conditions can reasonably mitigate that risk at present. That danger is evidenced by the criminal conduct asserted in the complaint and submitted with the prosecution's memorandum; a crime that involves two traumatized minor victims; magnified by conspiratorial planning and execution of the criminal acts with a co-conspirator; and resulting danger from the physical proximity of the children to the defendant if she were released. In mitigation, the Court considers defendant's history and characteristics, including her lack of a criminal record, lengthy employment history as a paralegal, her stable ties to the community, and her need to access medical and mental health care. As to risk of non-appearance, the Court agrees that conditions could be imposed. Detention is based on safety of other persons and the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court

proceeding.

    IT IS SO ORDERED.

Date: September 2, 2021

Nathanael M. Cousins
United States Magistrate Judge